IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAYER CORPORATION AND SUBSIDIARIES, ) ) ) | |
| Plaintiff, ) ) ) | |
| ) | CIVIL ACTION NO. |
| vs. ) ) ) | |
| THE UNITED STATES, ) ) | |
| Defendant. ) | |

**COMPLAINT FOR REFUND OF FEDERAL INCOME TAX**

---

Plaintiff Bayer Corporation and Subsidiaries ("Plaintiff") brings this action to recover from the United States overpayments of federal income tax in the total amount of $49,236,589 plus interest as provided by law. In support of its action, Plaintiff alleges as follows:

## Jurisdiction

1. This Court has jurisdiction of these claims under 28 U.S.C. § 1346(a)(1) and under §§ 6402 and 7422 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 6402 and 7422. The facts on which the Court's jurisdiction is based are set forth below under the heading "Returns Filed, Taxes Paid, and Refunds Claimed."

**Venue**

2. Plaintiff's principal place of business is Pittsburgh, Pennsylvania and, therefore, venue in the Western District of Pennsylvania is proper under 28 U.S.C. § 1402(a)(2).

**Plaintiff**

3. Bayer Corporation is an Indiana corporation whose principal place of business and mailing address are 100 Bayer Road, Pittsburgh, Pennsylvania, 15205.

4. Bayer Corporation is the parent corporation of an affiliated group of corporations that files a consolidated income tax return on a calendar year basis. Bayer Corporation files its federal income tax returns with the Internal Revenue Service Center in Ogden, Utah.

5. Bayer Corporation's employer identification number is 25-1339219.

6. All of the stock of Bayer Corporation is owned by Bayer AG, a corporation organized under the laws of the Federal Republic of Germany. Bayer AG is a holding and management company for approximately 500 subsidiaries throughout the world (the "Bayer Group"). The Bayer Group's business operations are divided into three groups: Bayer HealthCare (prescription and over-the-counter drugs, medical and diagnostic equipment, veterinary medications, and grooming products); Bayer CropScience (chemicals for crop protection and pest control; seed and plant biotechnology); and Bayer MaterialScience (polymers and specialty plastics).

7. Bayer Corporation, directly and through its subsidiaries, develops, produces, and markets products in each of the Bayer Group's three lines of business: health care products, crop science products, and material science products. Research is a significant component of the business of Bayer Corporation and its subsidiary corporations.

8. Bayer Corporation is the successor to Bayer (USA), Inc. and Miles, Inc. by virtue of the following transactions. On March 4, 1986, Rhinechem Corporation, a

2

subsidiary of Bayer AG, was merged into Bayer USA Inc., a Delaware corporation and a subsidiary of Bayer AG. Bayer USA Inc. was the surviving corporation. On December 31, 1991, Bayer USA Inc. was merged into Miles, Inc., an Indiana corporation and subsidiary of Bayer USA Inc. Miles, Inc. was the surviving corporation. On March 3, 1994, Miles Domestic Holding Co., a West Virginia corporation and subsidiary of Miles Inc., changed its name to Bayer USA Inc. On April 1, 1995, Bayer USA, Inc. and two other subsidiaries of Miles Inc. were merged into Miles, Inc., and the name of Miles, Inc. was changed to "Bayer Corporation."

## Basis of Plaintiff's Claim

9. The basis of Plaintiff's claim is the complete or partial denial by the Internal Revenue Service (the "Service") of the credit for increasing research expenses under § 41 of the Internal Revenue Code claimed by Plaintiff or its predecessors-in-interest for the years 1987-2006 inclusive. As a result of the Service's complete or partial denial of this credit, Plaintiff overpaid its federal income tax in the years 1987-1990, 1995, and 2006 (the "Refund Years") in the amounts shown below.

## Returns Filed, Taxes Paid, and Refunds Claimed

10. Bayer Corporation and its predecessor-in interest Bayer USA filed timely consolidated federal income tax returns on Form 1120 for the Refund Years. The following table shows the date on which each return was originally filed, the identity of the taxpayer, the tax shown due on the return, total tax paid (in estimated taxes for the current year and estimated tax credits from prior years), refunds received, net tax owed or overpaid, and carryovers of excess overpayments as credits to the following

3

year's estimated taxes:

| Year | 1987 | 1988 | 1989 | 1990 | 1995 | 2006 |
|---|---|---|---|---|---|---|
| Date filed | 9/15/88 | 9/15/89 | 9/17/90 | 9/13/91 | 9/9/96 | 9/6/07 |
| Filed by | Bayer USA | Bayer USA | Bayer USA | Bayer USA | Bayer | Bayer |
| Tax due | 5,297,517 | 24,767,592 | 30,004,714 | 33,673,828 | 99,520,388 | 82,602,840 |
| Tax paid | 17,841,721 | 42,644,203 | 47,349,711 | 48,505,265 | 117,259,569 | 96,949,370 |
| Tax owed | -12,544,203 | -17,876,611 | -17,344,997 | -14,831,437 | -17,826,164 | -14,346,530 |
| Refunds | 7,000,000 | 0 | 7,344,997 | 0 | 0 | 0 |
| Additional Tax paid | 0 | 0 | 0 | 0 | 101,625 | 0 |
| Carryover | $5,544,203 | $17,876,611 | $10,000,000 | $14,831,437 | $17,637,556 | $14,346,530 |

11. On August 26, 2008, Plaintiff filed with the Service at its Ogden, Utah Service Center timely refund claims on Form 1120X as follows:

| Year | Amount Claimed |
|---|---|
| 1987 | $116,493 |
| 1988 | $4,411,422 |
| 1989 | $3,944,769 |
| 1990 | $168,573 |
| 1995 | $6,087,659 |
| 2006 | $34,507,673 |
| Total | $49,236,589 |

Those refund claims were received by the Service on September 3, 2008.

12. By letter dated October 29, 2008, the Service disallowed Plaintiff's entire refund claim for 1988. By letter dated March 9, 2009, the Service disallowed Plaintiff's entire refund claims for 1987, 1989, 1990 and (again) for 1988. As of the date of this complaint, the Service has neither allowed nor disallowed Plaintiff's remaining refund

4

claims. Because the Service has disallowed Plaintiff's claim for 1987, 1988, 1989, and 1990, and because more than 6 months have elapsed since Plaintiff filed its refund claims for 1995 and 2006, this suit is brought within the period prescribed by § 6532(a) of the Code.

13. As of the date of this complaint, none of the refunds claimed by Plaintiff has been paid. Plaintiff therefore seeks refunds of the full amounts sought in its refund claims, as described in Paragraph 11 above, plus statutory interest thereon.

## **No Assignment**

14. Plaintiff is the sole owner of the refund claims described herein. Plaintiff has never transferred, pledged, or assigned such claims, in whole or in part, to any other person.

**WHEREFORE**, Plaintiff prays for judgment against the United States in the total amount of $49,236,589 or such other amount as may be legally due, plus statutory interest thereon, costs, attorneys fees and expenses, and such other and further relief as the Court, under law and equity, deems just and proper.

Respectfully submitted,

/s/ Clifton B. Cates III
Clifton B. Cates III
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
Sixth floor
Washington, D.C. 20006
Tel.: (626) 796-7018
Fax: (626) 449-6120
E-mail: ccates@ipbtax.com

/s/ John M. McIntyre
John M. McIntyre
PA I.D. No. 78739
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Tel.: (412) 288-3822
Fax: (412) 288-3063
E-mail: jmcintyre@reedsmith.com


/s/ Jeffrey E. Moeller
Jeffrey E. Moeller
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
Sixth floor
Washington, D.C. 20006
Tel.: (202) 393-7600
Fax: (202) 393-7601
E-mail: jmoeller@ipbtax.com

Attorneys for Plaintiff

Date: March 23, 2009