**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BAYER CORPORATION AND SUBSIDIARIES,** ) | |
| ) | |
| **Plaintiff and Counterclaim Defendant,** ) | |
| ) | **CIVIL ACTION NO. 09-CV-351** |
| vs. ) | |
| **THE UNITED STATES,** ) | |
| **Defendant and Counterclaim Plaintiff.** ) | |
| | |
| **BAYER-ONYX, a partnership, by BAYER HEALTHCARE, LLC, its tax matter partner,** ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO 2:08-CV-693** |
| vs. ) | |
| **THE UNITED STATES,** ) | |
| **Defendant.** ) | |

**STATUS REPORT**

The Plaintiff and Counterclaim Defendant, Bayer Corporation and Subsidiaries (collectively "Bayer"), and Defendant and Counterclaim Plaintiff, The United States of America, (collectively, the "Parties") submit this Status Report as called for in the Court's December 1, 2009 Order. There is a status conference set for Tuesday, March 16, 2010, at 3:30 p.m.

Since the time of the last conference before the Court on December 1, 2009, the Parties have been working cooperatively to establish a framework for the exchange of what is expected

to be a huge volume of discovery in this matter. To that end, the parties met in Washington on February 18, 2010 to discuss Bayer's collection of discoverable information and various proposals to simplify discovery and expedite the resolution of key issues. As a result of that meeting, the parties agreed to jointly contact the Court to arrange for the scheduling of an informational, non-adversarial hearing to explain the scope of this case to the Court and review some of the key legal and factual issues implicated in the litigation. That hearing is now scheduled for May 4, 2010. The parties have agreed to exchange any materials they intend to present to the Court sufficiently in advance of the hearing to permit them to work out any issues that might arise.

The following is a list of other key activities that have taken place since the last conference with the Court:

1. The United States has amended its answer and counterclaim in the Bayer-Onyx suit, and Bayer-Onyx has replied;

2. Bayer has filed a motion for leave of Court to amend its Complaint in the Bayer-Onyx suit;

3. Bayer has been engaged in the process of collecting and readying for production discoverable information relevant to its claims. As a result of that process, Bayer has provided its initial disclosure statement setting forth, among other things, a listing of Bayer facilities and the associated amount of qualified research expenditures for which Bayer believes that it is entitled to recover, for the years 1990 through 2006. Bayer anticipates that it will provide an updated listing to the United States with information regarding additional locations in the near future;

4. Given the vast volume of potentially discoverable information at issue in this litigation, Bayer is collecting (and will be producing) records relevant to its claims on a site by site basis for all Bayer facilities where relevant research activities were performed;

5. The first facility for which Bayer is collecting discoverable information is located in Berkeley, California. The Berkeley facility provides what Bayer asserts is the largest amount of qualified research expenditures of any existing Bayer facility. Given its approach, the individuals identified by Bayer in its initial disclosure statement are primarily located in the Berkeley area;

6. Bayer will continue to make initial disclosures about subsequent facilities on a regular basis throughout the litigation as such information becomes available;

7. The United States has neither objected nor consented to Bayer's rolling provision of initial disclosures or its anticipated rolling production at this time;

8. The United States has produced complete initial disclosures and made an initial document production bearing control nos. USA00000001 to USA00000226;

9. The United States has informally requested discovery from Bayer, including: (1) a comprehensive list of cost centers and expense classes and their historic counterparts; (2) information about businesses/assets that are no longer part of Bayer or under Bayer control; and (3) a list of all sites Bayer claims generated qualified research expenses during the relevant years;

10. The United States anticipates serving a first set of interrogatories and requests for production prior to the March 16th status conference;

11. The parties are working on a stipulated protective order that will facilitate the exchange and protection of sensitive information;

12. Although the above-captioned lawsuits focus principally on Bayer's alleged entitlement to a tax credit for increasing its research activities under 26 U.S.C. § 41, there is at least one significant non-research tax credit issue present; namely, Bayer's entitlement to a deduction in 2006 for corporate owned life insurance ("COLI"). The 2006 COLI issue is entirely unrelated to the research credit that to date has been the sole focus of this case. The parties have informally agreed to table temporarily their respective rights to seek discovery on the COLI issue. The parties' decision to forebear on COLI discovery will enable the Internal Revenue Service to review a similar COLI issue related to the 2005 tax year, which is currently pending before the agency and is not within the scope of the above-captioned litigations. It is possible, though by no means guaranteed, that an administrative resolution of the 2005 COLI issue could facilitate the resolution of the 2006 COLI issue in this litigation. A conference between Bayer and the Internal Revenue Service related to the 2005 COLI issue is scheduled for late March. The parties will monitor the outcome of the conference, and will apprise the Court of any progress in the next status reporting cycle.

Respectfully submitted,

| *Counsel for Plaintiffs* | *Counsel for Defendant* |
|---|---|
| /s/ John M. McIntyre | /s/ John J. LoCurto |
| John M. McIntyre | John J. LoCurto |
| PA I.D. No. 78739 | Trial Attorney, Tax Division |
| Reed Smith LLP | U. S. Department of Justice |
| Reed Smith Centre | Post Office Box 227 |
| 225 Fifth Avenue | Washington, DC  20044 |
| Pittsburgh, PA 15222 | Telephone:  (202) 307-2793 |
| Telephone: (412) 288-3822 | E-mail: john.j.locurto@usdoj.gov |
| E-mail: jmcintyre@reedmith.com | |
| | |
| Clifton B. Cates | Yonatan Gelblum |
| Ivins, Phillips & Barker Chartered | Trial Attorney, Tax Division |
| 1700 Pennsylvania Ave., N.W. | U. S. Department of Justice |
| 6th Floor | Post Office Box 227 |
| Washington, D.C. 20006 | Washington, DC  20044 |
| Telephone:  (202) 393-7600 | Telephone:  (202) 305-3136 |
| E-mail: ccates@ipbtax.com | E-mail: yonatan.gelblum@usdoj.gov |
| | |
| Jeffrey B. Moeller | Jennifer R. Andrade |
| Ivins, Phillips & Barker Chartered | United States Attorney's Office |
| 1700 Pennsylvania Ave., N.W. | 700 Grant Street, Suite 4000 |
| 6th Floor | Pittsburgh, PA 15219 |
| Washington, D.C. 20006 | (412) 894-7354 |
| Telephone:  (202) 393-7600 | Email: jennifer.andrade@usdoj.gov |
| E-mail: jmoeller@ipbtax.com | |