**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BAYER CORPORATION** ) | |
| **AND SUBSIDIARIES,** ) | |
| ) | |
|     **Plaintiff and** ) | |
|     **Counterclaim Defendant,** ) | |
| ) | **CIVIL ACTION NO.  09-351** |
| ) | |
|     **vs.** ) | |
| ) | |
| **THE UNITED STATES,** ) | |
| ) | |
|     **Defendant and** ) | |
|     **Counterclaim Plaintiff.** ) | |
| ) | |
| | |
| **BAYER-ONYX, a partnership, by** ) | |
| **BAYER HEALTHCARE LLC,** ) | |
| **its tax matter partner,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO. 08-693** |
| ) | |
|     **vs.** ) | |
| ) | |
| **THE UNITED STATES,** ) | |
| ) | |
|     **Defendant.** ) | |

**MEMORANDUM IN SUPPORT OF BAYER'S**
**MOTION FOR ENTRY OF A PROTECTIVE ORDER**

    The Plaintiffs, Bayer Corp. and its subsidiaries and Bayer-Onyx (collectively "Bayer")

submit this Memorandum in support of their Motion for the Entry of a Protective Order.

    This litigation pertains to Bayer's entitlement to tax credits for qualified research expenses

under the Internal Revenue Code.  The tax years at issue are 1990-2006 and, according to present

estimates, Bayer's total research spending between those years exceeded $6.8 billion.  In order to

establish its entitlement to these tax credits, Bayer will be required to produce detailed evidence of its research activities.

As a research-based company, Bayer's very survival depends on its ability to continually research and develop innovative products and solutions. The results obtained from the billions of dollars Bayer spends on its research activities are its "crown jewels." To the extent that any of these crown jewels are made public, Bayer will lose the competitive benefit that its research spending was intended to, and does, provide. Therefore, Bayer seeks a protective order from this Court to protect its confidential and valuable research information.

The Protective Order filed with Bayer's Motion (the "Proposed Protective Order") strikes an appropriate balance between protecting Bayer's most confidential and valuable records and the meeting the government's understandable need to share information with other government agencies in appropriate circumstances. For that reason, the Court should grant Bayer's Proposed Protective Order.

## I.    FACTUAL BACKGROUND

Bayer initiated this litigation seeking the refund of approximately $49 million of federal income taxes that were overpaid by Bayer in the years 1987-1990, 1995, and 2006. The lawsuit is based on the Internal Revenue Service's complete or partial denial of research tax credits claimed by Bayer and its subsidiaries under § 41 of the Internal Revenue Code for those years. The Defendant has filed a counterclaim against Bayer to reduce to judgment approximately $80 million in tax the Internal Revenue Service assessed against Bayer for the 2006 tax year. The counterclaim is based on the Internal Revenue Service's disallowance of Bayer's claim for research tax credits under 26 U.S.C. § 41 for the year 2006.

- 2 -

The Defendant has served two sets of extensive discovery requests that seek detailed information regarding Bayer's research activities during the years at issue. The discovery requests seek information regarding, *inter alia*, Bayer's confidential and proprietary research work, trade secrets, strategic planning information, commercial planning information, and commercial pricing information relating to certain products ("Bayer's Confidential Information"). In addition, many of the Defendant's discovery requests call for the disclosure of personal financial information, such as Social Security Numbers, for many of Bayer's employees and certain third parties ("Personal Financial Information").

To date, Bayer and the Defendant have conferred multiple times to craft a protective order that would adequately protect Bayer's confidential research information, but have been unable to come to a complete agreement. While a number of the provisions proposed by either Bayer or the United States have been mutually agreed upon, there remain a few provisions that have been problematic.

The primary dispute between the parties relates to the Defendant's reluctance to agree to *any* limitations whatsoever on the circumstances under which the Department of Justice may disclose Bayer's Confidential Information or Personal Financial Information to other arms of the federal government.

Bayer has made several proposals to the Defendant to address the government's stated concern that it be able to share Bayer's Confidential Information or Personal Financial Information in appropriate circumstances. Initially, Bayer proposed that if the Department of Justice believed that it was obligated to disclose Bayer's Confidential Information or Personal Financial Information, the Defendant would so notify Bayer at least two weeks in advance to allow Bayer to consider whether to seek appropriate safeguards from the Court.

> **To the extent that the United States believes that it is required by law or Department of Justice regulation to use or disclose Confidential Information in any manner not otherwise provided for in this Stipulated Protective Order (including disclosure to any employees of the United States other than those employed by the Department of Justice or the Internal Revenue Service), it shall notify Bayer at least fourteen (14) days before making any such disclosure to allow Bayer to seek appropriate safeguards.**

In response, the Defendant proposed language that would permit the government to disclose Bayer's Confidential Information or Personal Financial Information whenever the Department of Justice, in its sole opinion, believed that it was so "required by law or Department of Justice regulations" without any further restrictions or oversight:

> **Notwithstanding any provision of this stipulation, counsel for the United States may disclose confidential information or documents to other government agencies or Departments as required by law or Department of Justice regulations.**

Counsel for Bayer next proposed that the Defendant identify in the protective order itself the relevant statutes or Department of Justice regulations that the Defendant believed would allow it to share Bayer's Confidential Information or Personal Financial Information. Alternatively, Bayer suggested that the Defendant identify categories of issues, such as where particular documents raised an issue of public health or where there was evidence of a crime, that the Defendant believed would authorize disclosure. The Defendant has rejected both of these proposals and has insisted that it will not agree to any limitations on the disclosure of Bayer's Confidential Information or Personal Financial Information other than where the Defendant unilaterally believes that the disclosure is "required by law or Department of Justice regulations."

Bayer's current Proposed Protective Order attempts to strike a balance between the parties stated needs:

- 4 -

> To the extent that the United States reasonably believes that
> any of Bayer's Confidential Information indicates a risk to
> public health or contains evidence of a potential crime, the
> United States may use or disclose such information to other
> government agencies or Departments without restriction.
>
> In any other circumstance in which the United States believes
> that it is required by law or Department of Justice regulation
> to use or disclose Confidential Information in any manner not
> otherwise provided for in this Stipulated Protective Order
> (including disclosure to any employees of the United States
> other than those employed by the Department of Justice or the
> Internal Revenue Service), it shall notify Bayer at least ten (10)
> days before making any such disclosure to allow Bayer to seek
> appropriate safeguards.

Proposed Protective Order, Paragraph 20.

## II.   STANDARD FOR THE ISSUANCE OF PROTECTIVE ORDERS

Federal Rule of Civil Procedure 26(c) empowers the Court to issue protective orders

"which justice requires to protect a party or person from annoyance, embarrassment, oppression

or undue burden or expense." Fed. R. Civ. P. 24(c). Rule 26(c) states explicitly that the Court

has the authority to issue a protective order "requiring that a trade secret or other confidential

research, development or commercial information not be revealed or be revealed only in a

specified way[.]" Fed. R. Civ. P. 24(c)(1)(G). *See, e.g., Smith v. BIC Corp.,* 869 F.2d 194, 199-

201 (3d Cir. 1989) ("A trade secret may consist of any formula, pattern, device or compilation of

information which is used in one's business, and which gives him an opportunity to obtain an

advantage over competitors who do not know or use it. It may be a formula for a chemical

compound, a process of manufacturing . . . or a list of customers").

A showing of "good cause" is the primary requirement for the protection of discovery

materials. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). In

determining whether "good cause" exists, the federal courts have adopted a balancing approach,

under which various factors may be considered, including whether disclosure will violate any privacy interests and whether the information is being sought for a legitimate purpose or an improper purpose. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Ultimately, a party establishes a good faith need for a protective order when it establishes specifically that disclosure of the information at issue "would work a clearly defined and serious injury upon [it]." *Pansy*, 23 F.3d at 786; *see also Glenmede Trust Co. v. Thompson,* 56 F.3d 476, 483 (3rd Cir. 1995) (listing the "good cause" factors). "[B]ecause of the benefits of umbrella protective orders in cases involving large-scale discovery, the court may construct a broad umbrella protective order upon a threshold showing by the movant of good cause." *Id.*

## III.   ARGUMENT

Bayer is seeking the Proposed Protective Order to safeguard its most valuable assets – its research and intellectual property – that it has spent billions of dollars to develop. Bayer's concern regarding the Defendant's suggested modifications to the Proposed Protective Order is that the exception would essentially swallow the rule. Allowing the Defendant to disclose Bayer's Confidential Information or Personal Financial Information whenever the Department of Justice, in its sole and unreviewable opinion, believes that such disclosure is authorized "by law or Department of Justice regulations" would essentially nullify any other protections in the Proposed Protective Order.

Bayer's Proposed Protective Order **does not** prevent the right of the United States to disclose, as mandated by law, to any agency or department of the United States, or any division of any such agency or department, Bayer's Confidential Information or Personal Financial Information relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction.

The Proposed Protective Order does mandate that prior to disclosing Confidential Information to an agency or department of the United States, or division of such agency or department, The United States shall give Bayer written notice of its intent and provide Bayer with a reasonable period not less than ten (days) from receipt of the notice to object to such disclosure. *See SEC v. Merrill Scott & Associates, LTD*, 2010 WL 1039796 (10th Cir., March 23, 2010) (recognizing that a government agency's statutory and regulatory obligations to share information with other governmental law enforcement agencies does not foreclose the agency's ability to enter into a binding protective order).

In addition, the Proposed Protective Order implements the Third Circuit's procedural requirements for a party to challenge the confidentiality designation of particular documents produced by another party subject to the Order. *See Pansy*, 23 F.3d at 787 n. 17 ("After delivery of the documents, the opposing party would have the opportunity to indicate precisely which documents it believed not be confidential, and the party seeking to maintain the seal would have the burden of proof with respect to those documents").

The language proposed by the Defendant to address the government's right to disclose Bayer's Confidential Information or Personal Financial Information is incredibly vague and the Defendant has refused all requests to make it any more specific. For example, the Defendant has refused to identify which laws or which Department of Justice regulations might apply. Similarly, the Defendant has refused to identify categories of instances in which such disclosures would be authorized, such as where risks to public safety are implicated or where criminal activity is suspected. Finally, the Defendant has refused to allow this Court to have any oversight of its unilateral determinations that it may disclose Bayer's Confidential Information or Personal Financial Information.

- 7 -

Bayer understands that there are certain circumstances under which the Defendant may be entitled or required to disclose Bayer's Confidential Information or Personal Financial Information to other government agencies. However, Bayer believes that there must be some concrete limitations or oversight on the Defendant's discretion in that regard. The Defendant's refusal to delineate or agree to any such limitations or oversight on the disclosure of Bayer's protected information has necessitated this motion.

## IV.   CONCLUSION

Bayer's Proposed Protective Order should be entered because it satisfies the requirement of good cause, is not inimical to the public interest, and is essential to the legitimate business concerns of Bayer, its employees, and third parties. *See Pansy*, 23 F.3d. at 787.

Respectfully Submitted,

*Counsel for Plaintiff*

/s/ John M. McIntyre
John M. McIntyre
PA I.D. No. 78739
Reed Smith LLP
Alexandria C. Samuel
PA I.D. No 207087
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3822
Facsimile: (412) 288-3063
jmcintyre@reedmith.com
asamuel@reedsmith.com

Clifton B. Cates
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
6th Floor
Washington, D.C. 20006
Telephone:  (202) 393-7600
ccates@ipbtax.com

Jeffrey B. Moeller
Ivins, Phillips & Barker Chartered
1700 Pennsylvania Ave., N.W.
6th Floor
Washington, D.C. 20006
Telephone:  (202) 393-7600
Facsimile: (202) 393-7601
jmoeller@ipbtax.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served through the Court's electronic transmission facilities this 25th day of May 2010 upon the following counsel of record:

Jan M. Geht
John J. LoCurto
Yonatan Gelblum
Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

Jennifer R. Andrade
United States Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

/s/ John M. McIntyre
Counsel for Plaintiffs