IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAYER-ONYX, a partnership, by<br>    BAYER HEALTHCARE, LLC, its<br>    tax matter partner, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 08-693 |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| and | | |
| BAYER CORPORATION AND<br>    SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 09-351 |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

These suits focus on the efforts of Plaintiffs Bayer Corporation, its subsidiaries, and Bayer-Onyx (collectively, "Bayer") to recover some $50 million in federal income tax payments to which Plaintiffs argue they are entitled as qualified research tax credits under 26 U.S.C. § 41. Now pending before the Court is Plaintiffs' motion seeking a protective order for documents, testimony and other "Confidential Information" to be produced during discovery in the litigation. (Motion for Entry of a Protective Order, Doc. No. 32, "Mot.") Bayer is particularly

concerned about information regarding its research and development efforts because the discovery requests propounded by the United States seek production of materials including "confidential and proprietary information, trade secrets, commercial information, strategic planning information, commercial planning information, and commercial pricing relating to the sale, distribution and/or marketing of certain products." (Mot., ¶ 6.) In addition, some discovery requests call for personal and financial information of Bayer employees and third parties. (Id.)

Although the parties attempted to arrive at a mutually agreeable protective order through a series of negotiations, the sticking point is language proposed by Defendant which, as currently drafted, would allow the Confidential Information to be passed by the Department of Justice or Internal Revenue Service (the "Government") to other Federal agencies and departments if the information, either on its face or in conjunction with other information, "indicates a violation or potential violation of law – criminal, civil, or regulatory in nature."[1] While Bayer recognizes that there may be circumstances in which the Government would wish to – or be compelled to – share Confidential Information with other government entities, it seeks language which would

---

[1] The Court recognizes that during the briefing of this Motion, the parties arrived at language in the proposed Protective Order which was different from that originally proposed. We consider only the language of the proposed Bayer version of the Order attached as Exhibit A to Bayer's reply memorandum, Doc. No. 34, and that of the Government attached as Exhibit B to the same pleading.

2

protect its information from dissemination beyond the Department of Justice or Internal Revenue Service to other agencies where, for example, trade secrets could be inadvertently released to competitors through a Freedom of Information Act request or employees' personal information such as home addresses and social security numbers could be acquired by identity thieves through accidental loss or distribution.

The United States initially opposed the motion for a protective order on two levels. First, Defendant argued that the protective order should not be granted under any circumstances because Bayer failed to come forward with evidence to establish that any level of protection was required. Apparently recognizing that in cases involving the extensive discovery regarding confidential business practices such those involved herein protective orders are routinely granted by the Courts even if the parties cannot themselves agree on the need for such an action (see, e.g., County of Santa Clara v. Astra United States, 588 F.3d 1237, 1249 (9th Cir. 2009), noting that "district courts routinely enter protective orders to prevent the undue disclosure of commercially sensitive information"), the Government subsequently withdrew this argument and proposed its own version of the order. Defendant now argues that if such an order is entered, it must not contain language proposed by Bayer which the Government believes would disrupt the ability of the Department of Justice or the

3

Internal Revenue Service to perform its statutory, regulatory and constitutional obligations. (The United States' Opposition to Bayer's Motion for Entry of a Protective Order, Doc. No. 33, "Gov't Opp." at 9-10.)

According to the Government's brief in opposition and Bayer's reply brief, the parties agree on all but one paragraph of the current version of the proposed protective order. The dispute is focused on paragraph 20; the Government's currently proposed version is set out below, with the further modifications Bayer seeks shown in bold italic typeface:

> Notwithstanding ~~the~~ *any other* provisions of this Order, Counsel for the United States may disclose Confidential Information to other Federal agencies or departments, which would also be bound by this Order, if ***Counsel for the United States reasonably believes that*** Confidential Information, either on its face or in conjunction with other information, indicates a violation or potential violation of ~~law - criminal, civil or regulatory in nature.~~ ***criminal law or a risk to national security or to public health or safety.***
>
> ***Further, if Counsel for the United States reasonably believes that Confidential Information, either on its face or in conjunction with other information, indicates a violation or potential violation of civil or regulatory law, it shall notify Bayer at least fourteen (14) days before making any disclosure of Confidential Information to other federal agencies or departments, which would also be bound by this Order, to allow Bayer to seek appropriate safeguards.***

In short, where the Government has identified "particular circumstances that present a reasonable need for secrecy or urgent action," i.e., in the case of suspected criminal violations or a

4

risk to national security or public health and safety, the language of the first sentence above would allow Defendant to proceed without Court oversight. (Reply Memorandum in Support of Bayer's Motion for Entry of a Protective Order, Doc. No. 34, "Reply Memo," at 3-4.) Bayer does not dispute the right of the Government to share such information with the appropriate agencies under such "urgent" circumstances. The "appropriate safeguard" Bayer would seek under the circumstances set out in the second sentence would be Court review of the propriety of the proposed release to another government agency of the information in question. (Reply Memo at 4.) Bayer acknowledges that if the Court were persuaded that disclosure of Confidential Information indicative of a "violation or potential violation of civil or regulatory law" was appropriate under federal law, Defendant would be free to share that information. (Id.)

In addition to the briefs submitted by the parties, the Court heard oral argument on this question on July 15, 2010. The Court is not convinced that Bayer's concerns about the results of inadvertent disclosure through another government entity with which Defendant has shared information are as dire or imminent as Plaintiff paints them. The Court recognizes that Bayer has legitimate concerns about harm either to the corporation or to its employees which could potentially occur if information is shared without adequate safeguards. However, as both parties acknowledge,

the Protective Order elsewhere provides substantial protection. Most importantly, Bayer is not precluded "from seeking additional relief from the Court not specified in this Protective Order, or from applying to the Court for modification of this agreement or further or additional Protective Orders." (See Protective Order entered by the Court simultaneously herewith, ¶ 21.) As the United States Court of Appeals for the Third Circuit noted in Pansy v. Borough of Stroudsburg, where a broad umbrella protective order has been put in place, the party seeking to limit dissemination of specific discovery material may demonstrate "good cause" why a particular document should be protected to a greater degree. See id., 23 F.3d 772, 786 (3d Cir. 1994); see also Arnold v. Pennsylvania, 477 F.3d 105, 108 (3d Cir. 2007), and United States v. Chromatex, Inc., CA No. 91-1501, 2010 U.S. Dist. LEXIS 67101, *18-*20 (M.D. Pa. July 6, 2010), reiterating the factors set forth in Pansy which a court must consider in determining if the party seeking protection has established good cause.

The fact that the Protective Order requires the federal agency or department with which any information is shared to be bound by the same Order as the original parties further protects Bayer's interests since the Order covers dissemination of the Confidential Information not only during the pendency of this action, but also after its termination. (Protective Order, ¶ 23.) Second, the federal agency or department which receives the Confidential

Information from the Defendant becomes a "Receiving Party" as that term is defined in the Order, with all the obligations of the Defendant set out therein, including the obligation to destroy or return all confidential information (with some specified exceptions) within sixty (60) days after the conclusion of the litigation. (Id., ¶ 18.) Finally, the Protective Order requires the Government to immediately advise Bayer if it learns that Confidential Information has been disclosed to any person in a manner other than that authorized in the Order, and to take steps to prevent further disclosure by any such unauthorized person. (Protective Order, ¶ 19.) As the Government conceded at oral argument, its failure to comply with this provision would presumably open the door to a motion for sanctions by Bayer.

Having reviewed in detail the arguments of both parties, the Court concludes that the language proposed by the Government is sufficient to protect Bayer's interests in this matter. Plaintiff's motion at Doc. No. 32 is therefore granted insofar as the Court shall enter a protective order, but the language of the Order shall be as set forth in the version entered in the docket immediately hereafter.

July  26 , 2010                    _William L. Standish_____
                                    William L. Standish
                                    United States District Judge